This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39400**

**LEONARDO LUCERO,**

Plaintiff-Appellant,

v.

**CORE CIVIC, INC.,**

Defendant-Appellee,

and

**CENTURION CORRECTIONAL HEALTHCARE OF NEW MEXICO, LLC,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Stephen F. Lawless, PA
Stephen F. Lawless
Albuquerque, NM

for Appellant

Kennedy, Moulton & Wells, P.C.
Debra J. Moulton
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff appeals from an order granting summary judgment and dismissing his complaint against Defendant Core Civic, Inc. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** Initially, we note that Plaintiff states that we initially placed this case on the general calendar. [MIO 1] Plaintiff has confused this case with the appeal filed in *Lucero v. Centurion Correctional Healthcare of New Mexico, LLC*, A-1-CA-39290, which involved the dismissal of Centurion Correctional Healthcare (Centurion) and is currently pending after having been briefed on the general calendar. The complaint against Centurion was made under the Medical Malpractice Act [RP 4-5], whereas the current appeal involves a claim of negligence against Core Civic, Inc. Our summary resolution of this case does not affect that appeal.

**{3}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We review issues of law de novo. *Id.* "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241.

**{4}** Here, Plaintiff's February 6, 2020, complaint for negligence against Core Civic, Inc. was based on an incident that occurred on October 22, 2018. [RP 1] The district court concluded that it lacked jurisdiction to hear Plaintiff's claims against Core Civic, Inc. because prior to initiating this litigation, he failed to exhaust his administrative remedies by way of the prison's grievance procedure, as required by NMSA 1978, Section 33-2-11(B) (1990). [RP 260] Plaintiff has argued that an incident report completed by prison officials should act as a substitute for the complaint that is required to be filed under the applicable grievance procedures. However, as the district court determined, Plaintiff not only did not file the requisite complaint, but he thereafter did not follow the administrative appeal process. [RP 261-62]

**{5}** We agree with the rationale of the district court, as specifically set forth in the district court order of summary judgment. [RP 260] Namely, Plaintiff did not himself file an administrative complaint, and did not otherwise comply with the plain language of the grievance rules. To the extent that Plaintiff has claimed that the dismissal should have been without prejudice, based on the assertion that a plaintiff who is no longer incarcerated may not be bound by the grievance process, we note that at all times relevant to this action Plaintiff was incarcerated. [RP 1, 260] As such, we do not believe that this argument is ripe, because this alleged defense to the failure to exhaust administrative remedies is not available to Plaintiff for purposes of reviewing the dismissal of his complaint while incarcerated. *See N.M. Indus. Energy Consumers v. N.M. Pub. Serv. Comm'n*, 1991-NMSC-018, ¶ 25, 111 N.M. 622, 808 P.2d 592 (stating that the purpose of the ripeness requirement "is and always has been to conserve

judicial machinery for problems which are real and present or imminent, not to squander it on abstract or hypothetical or remote problems").

**{6}** For the reasons set forth above, we affirm.

**{7} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**